UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALICE CAGLE,

        Plaintiff,

   v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

No.  2:12-cv-1906 CKD

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act").[1] For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born December 4, 1959, applied on May 19, 2010 for DIB, alleging disability beginning January 1, 2007.  Administrative Transcript ("AT") 125-126.  Plaintiff alleged she was

---

[1] Plaintiff also applied for Supplemental Security Income (SSI) payments but that application was denied based on plaintiff's income and resources.  AT 37.  The SSI application is not before the court.

1

unable to work due to degenerative disc disease, osteoarthritis of the spine and hands, hepatitis C, severe migraines, abnormal thyroid function, and carpal tunnel syndrome. AT 136. In a decision dated April 12, 2011, the ALJ determined that plaintiff was not disabled.[2] AT 11-19. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2008.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2007 through her date last insured of December 31, 2008. In giving the claimant the benefit of every tenable doubt, the undersigned finds that earnings posted to her earning record for 2008 constitute

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

> recovered funds from the claimant's IRA, and do not reflect work after onset.
>
> 3. Through the date last insured, the claimant had the following medically determinable impairment: a history of hypothyroidism.
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments.
>
> 5. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2007, the alleged onset date, through December 31, 2008, the date last insured.

AT 13-19.

ISSUES PRESENTED

Plaintiff argues that the ALJ erroneously found that she does not have a severe impairment at step two of the sequential analysis and should have obtained expert medical testimony to determine an onset date of disability.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

In this case, the sequential analysis ended at step two because the ALJ found that although plaintiff had a medically determinable impairment of a history of hypothyroidism, plaintiff did not have a severe impairment that significantly limited the ability to perform basic work-related activities for twelve consecutive months.  AT 14.  Plaintiff challenges this finding.

An impairment is "not severe" only if it "would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered."  SSR 85-28.  The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account.  Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987).  "The step-two inquiry is a de minimis screening device to dispose of groundless claims."  Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996);  see also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).

Although step two requires only a de minimis showing, the ALJ's determination that plaintiff did not meet this threshold requirement is supported by the record as a whole.  During the relevant time period,[3] plaintiff saw her treating physician, Dr. Mohammadian, only five times.  Four visits occurred in 2007 and one in January 2008.  AT 290-297.  Plaintiff did not seek treatment at all for her allegedly disabling conditions from January 2008 to January 2009.  AT 287.  As noted by the ALJ, the evidence regarding plaintiff's mental health during the relevant

---

[3] Plaintiff's alleged onset date was January 1, 2007 and she last met the insured status requirements of the Social Security Act on December 31, 2008.

time period was very limited, and plaintiff's anxiety was treated with Xanax with good result. AT 17; see Warre v. Commissioner of Social Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively with medication are not disabling). Plaintiff's anxiety also appeared to be situational, centering upon family problems, and not related to clinical anxiety. At 294, 295. No referrals were made for treatment by a mental health professional for plaintiff's allegedly disabling mental health condition. The ALJ correctly found that during the relevant time period, plaintiff's anxiety did not significantly limit her ability to engage in basic work activities.

With respect to plaintiff's alleged physical impairments, the record is similarly devoid of evidence supporting plaintiff's claim that she could not engage in basic work activities. Although plaintiff reported sweating and anxiety from her hypothyroidism in March 2007, later progress notes reported no symptoms from this impairment and thus plaintiff cannot meet the durational requirement to show a severe impairment from this condition. See 20 C.F.R. § 404.1509 (impairment must last for at least twelve months). There was no treatment for plaintiff's allegedly severe impairment of hepatitis, carpal tunnel syndrome, and other alleged impairments. AT 15, 16. With respect to plaintiff's headaches, plaintiff's treating physician in 2006, under "Assessment & Plan," noted plaintiff would be referred for an MRI of the brain. AT 300. However, despite plaintiff's claim that her headaches impaired her ability to engage in work activities, plaintiff did not follow through on this plan. That plaintiff failed to seek treatment for her headaches from November 2007 to the end of the relevant time period was also appropriately considered by the ALJ as undermining plaintiff's claim that she had a severe impairment of migraine headaches. AT 16; see Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (lack of treatment properly considered in evaluating allegation of disability). The opinions of plaintiff's treating physician, Dr. Mohammadian and marriage and family therapist, Ms. Starr,[4] rendered in January 2011, were properly accorded little evidentiary weight by the ALJ as lacking support in the record and not reasonably reflecting plaintiff's condition during the relevant time period. AT

---

[4] Plaintiff first sought treatment with Ms. Starr in February 2009 due to "dealing with grief around a number of personal circumstances." AT 356.

1  16, 17, 401-405, 407-412.  The ALJ also noted that plaintiff's statement to her medical provider

2  regarding her physical activities, including riding and taking care of horses and hunting was

3  inconsistent with her claim of severe impairments.  AT 18, 275.

4       In sum, there is a dearth of evidentiary support for plaintiff's claim that she could not

5  engage in basic work activities during the relevant time period.  The ALJ's conclusion that

6  plaintiff did not make the de minimis showing at step two of the sequential analysis is also

7  supported by the conclusions of the state agency physicians who opined that plaintiff had no

8  severe physical impairment and that the record contained insufficient evidence to determine

9  whether plaintiff had a psychiatric impairment.  AT 358, 370, 380.  Because the ALJ properly

10  found that plaintiff was not disabled during the relevant time period, the ALJ did not err by not

11  consulting a medical expert for assistance in inferring an onset date of disability.  See Sam v.

12  Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (determination of onset date of disability under

13  procedures set forth in SSR 83-20 not necessary where ALJ found plaintiff not disabled at any

14  time through the date of the decision); cf. Armstrong v Comm'r of Soc. Sec., 160 F.3d 587 (9th

15  Cir. 1998) (where ALJ makes explicit finding of disability during relevant time period for

16  purposes of SSI eligibility but finds plaintiff not disabled prior to date last insured for purposes of

17  DIB, ALJ must consult medical expert to determine onset date if evidence is unclear and onset

18  date must be inferred).  The ALJ's decision is fully supported by substantial evidence in the

19  record and based on the proper legal standards.

20  CONCLUSION

21       For the reasons stated herein, IT IS HEREBY ORDERED that:

22       1. Plaintiff's motion for summary judgment (ECF No. 11) is denied;

23       2. The Commissioner's cross-motion for summary judgment (ECF No. 12) is granted;

24  and

25       3. Judgment is entered for the Commissioner.

26  Dated: August 8, 2013

27  _____
    CAROLYN K. DELANEY
28  4 cagle1906.ss                          UNITED STATES MAGISTRATE JUDGE